*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY M. SHORT,

        Plaintiff-Appellee,

v

MICHIGAN STATE POLICE,

        Defendant-Appellant.

FOR PUBLICATION
August 03, 2026
2:30 PM

No. 375823
Genesee Circuit Court
LC No. 25-050890-CD

Before: M. J. KELLY, P.J., and PATEL and KOROBKIN, JJ.

PATEL, J.

In this employment action alleging disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.* (PWDCRA), defendant appeals by right the trial court order denying its motion for summary disposition under MCR 2.116(C)(7). On appeal, defendant contends that plaintiff's PWDCRA claim is a claim for "personal injuries" and therefore the six-month notice provision of MCL 600.6431(4) of the Court of Claims Act (COCA), MCL 600.6401 *et seq.*, governs the claim. We agree. Because plaintiff filed his notice of intent beyond the six-month notice period, the trial court erred by failing to dismiss plaintiff's PWDCRA claim. We reverse and remand for entry of an order granting defendant summary disposition under MCR 2.116(C)(7).

## I. BACKGROUND

Plaintiff began working for defendant in 2000. In 2013, plaintiff was shot and injured in the line of duty. Plaintiff alleges that because of this and other experiences during his tenure with defendant, he suffers from posttraumatic stress disorder (PTSD). In 2022, plaintiff was promoted to 1st Lieutenant (Post Commander) of the West Branch.

In 2023, defendant's Flint Post was involved in a scandal concerning officer promotions. Although the promotion system was ostensibly based on merit, allegations emerged that "pre-selected" candidates were given answers to interview questions in advance. During defendant's investigation into the allegations, plaintiff was interviewed twice. In the second interview, plaintiff revealed that, at the behest of his commander at the time, he had provided a sealed envelope to one of the officers who ultimately received a promotion. Defendant placed plaintiff on suspension and

-1-

commenced an investigation into his failure to provide this information in the first interview. Plaintiff alleges that his suspension aggravated his PTSD, which he revealed to various supervisors in December 2023 and during the discipline appeal hearing on January 24, 2024. Defendant subsequently demoted plaintiff by three ranks to the nonsupervisory position of Trooper. Plaintiff contends that defendant improperly factored his PTSD into that decision.

On October 23, 2024, approximately nine months after the discipline appeal hearing, plaintiff filed a notice of intention to file a claim against defendant and other adverse parties in the Court of Claims alleging violations of the United States Constitution, the Michigan Constitution, the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101, *et seq*., the PWDCRA, the Americans with Disabilities Act, 42 USC 12101, *et seq*., § 504 of the Rehabilitation Act, 29 USC 794, Title VII of the federal Civil Rights Act, 42 USC 2000e, *et seq*., 42 USC 1981, and 42 USC 1983. Plaintiff contended that defendant subjected him to discrimination on the basis of his disability, race, and gender resulting in discipline and a "drastic demotion" of three ranks. As a result, plaintiff intended to seek economic, noneconomic, punitive, and exemplary damages, in addition to attorney's fees and costs.

In February 2025, plaintiff filed a complaint reiterating his allegations from his notice but solely asserting a violation of the PWDCRA. In addition to the three-rank demotion, plaintiff asserted that he suffered "emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and related physical effects." Plaintiff sought economic, noneconomic, and exemplary damages, in addition to attorney's fees and costs.

In lieu of an answer, defendant moved for summary disposition under MCR 2.116(C)(7) arguing that plaintiff's claim is for "personal injuries" and therefore subject to the six-month notice-of-intent requirement under MCL 600.6431(4) rather than the default one-year notice requirement of MCL 600.6431(1). In response, plaintiff argued, under *Christie v Wayne State Univ*, 511 Mich 39, 64-65; 993 NW2d 203 (2023), the one-year notice provision of § 6431(1) governed his claims. In addition, plaintiff filed an amended complaint alleging that he "has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries."[1] Plaintiff also added a claim for discrimination in violation of § 504 of the Rehabilitation Act, 29 USC 794.

At the hearing on the motion, the trial court stated that it found persuasive similar cases filed under the ELCRA that applied the one-year notice requirement and concluded that plaintiff's PWDCRA claim was not a personal injury claim under the plain meaning of the COCA. The trial court entered an order denying the motion. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo questions of government immunity, *Petersen Fin LLC v Kentwood*, 326 Mich App 433,

---

[1] Plaintiff withdrew his claim for exemplary damages.

441; 928 NW2d 245 (2018), and statutory interpretation, *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024).

Summary disposition under MCR 2.116(C)(7) is proper when a claim is barred because of immunity granted under the law. *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). We consider all documentary evidence in a light most favorable to the nonmoving party under MCR 2.116(C)(7). *Id*. "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (cleaned up). "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Id*.

## III. ANALYSIS

Defendant argues that the trial court erred by denying its motion for summary disposition because plaintiff's claim sounds in personal injury and therefore the six-month notice provision of § 6431(4) governs his claim. We agree.

Under Michigan law, the state and its agencies are generally immune from suit unless the Legislature "abrogate[s] the state's sovereign immunity by enacting legislation consenting to suit." *Progress Mich v Attorney Gen*, 506 Mich 74, 87; 954 NW2d 475 (2020). "[A]ny relinquishment of sovereign immunity must be strictly interpreted." *Christie*, 511 Mich at 57 (cleaned up). The COCA was enacted in 1939 and reworked in 1961.[2] By enacting the COCA, the Legislature "adopted a comprehensive legislative scheme authorizing suit against the State of Michigan and its various agencies" and "expressly conditioned its waiver of the state's sovereign immunity on compliance with the procedures set forth in the notice requirement now contained in MCL 600.6431(1)." *Id*. at 58-59. Similarly, the Legislature has waived immunity against the state in the text of the material statute, the PWDCRA.[3] See MCL 37.1201(b) (including "a governmental entity or agency of the state" in the definition of a "employer" prohibited from taking certain discriminatory actions in one of the ways stated in MCL 37.1202); see also MCL 37.1606(2) (conferring jurisdiction on the circuit court to entertain actions brought under the PWDCRA).

In its current iteration, COCA claims are governed by Chapter 64 of the Revised Judicature Act (RJA),[4] specifically, MCL 600.6401 to MCL 600.6475. At issue in this appeal is MCL 600.6431, which states in relevant part:

> (1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

---

[2] 1939 PA 135, amended and reenacted as 1961 PA 236.

[3] The Legislature enacted the PWDCRA in 1976. 1976 PA 220.

[4] MCL 600.101 *et seq*.

* * *

> (4) For a claim against this state for property damage or *personal injuries*, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim. [Emphasis added.]

The COCA's notice requirement "applies to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself." *Christie*, 511 Mich at 52. Our Supreme Court has recognized that the Legislature's purpose of enacting the COCA's notice provision is to "ensure that the proper state entity learns about a potential claim, can prepare for litigation, and can create reserves to cover potential liability." *Id*. at 63; see also *McCahan v Brennan*, 492 Mich 730, 744, n 24; 822 NW2d 747 (2012).

It is undisputed that the COCA notice provision is applicable to plaintiff's PWDCRA claim. But we must resolve whether plaintiff's claim should be considered one for personal injuries as contemplated by § 6431(4). "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (cleaned up). "When considering the correct interpretation, the statute must be read as a whole and in a manner that ensures that it works in harmony with the entire statutory scheme." *Christie*, 511 Mich at 48.

The COCA does not define the term "personal injuries." When the Legislature has not defined a statutory term, it "must be accorded its plain and ordinary meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008), citing MCL 8.3a. "A lay dictionary may be consulted to define a common word or phrase that lacks a unique legal meaning." *Id*. However, a legal term of art "must be construed in accordance with its peculiar and appropriate legal meaning." *Id*. "A legal term of art is a technical word or phrase that has acquired a particular and appropriate meaning in the law." *People v Law*, 459 Mich 419, 425 n 8; 591 NW2d 20 (1999), citing MCL 8.3a.

The statutory phrase at issue here is "claim for . . . personal injuries." In this context, "personal injuries" has acquired a peculiar and appropriate meaning in Michigan law, generally referring to a cause of action sounding in tort. This Court has observed that "the modern definition of a 'personal injury' . . . refer[s] to any invasion of a personal right, not only bodily injuries." *Alfieri v Bertorelli*, 295 Mich App 189, 198; 813 NW2d 772 (2012) (cleaned up). The term "personal injury" does not appear in lay dictionaries and has acquired a particular and appropriate meaning in the law. Accordingly, we conclude that it is a legal term of art.

Because "personal injuries" is a legal term of art, consulting legal dictionaries is appropriate. *Black's Law Dictionary* includes the term "personal injury" under the broader rubric of "injury" and provides three variations for "personal injury":

-4-

1. In a negligence action, any harm caused to a person, such as a broken bone, a cut, or a bruise; bodily injury. — Also termed *bodily injury*.

2. Any invasion of a personal right, including mental suffering and false imprisonment. — Also termed *private injury*.

3. For purposes of workers' compensation, any harm (including a worsened preexisting condition) that arises in the scope of employment. [*Black's Law Dictionary* (12th ed), p 974.]

Within the definition of "injury," "bodily injury" is defined as "Physical damage to a person's body.—Also termed *personal injury*; *personal bodily injury*; *physical injury*. See *serious bodily injury*; *personal injury*." *Id*. Similarly, Merriam-Webster's online legal dictionary defines "personal injury" as "an injury to one's body, mind, or emotions. *broadly*: an injury that is not to one's property." Merriam-Webster.com Dictionary, *personal injury* <https://www.merriam-webster.com/legal/personal%20injury> (accessed July 2, 2026).

Plaintiff's PWDCRA claim is not a negligence or worker's compensation claim, nor does plaintiff allege that he suffered physical damage to his body such a "a broken bone, a cut, or a bruise." See *Black's Law Dictionary* (12th ed), p 974. Thus, we must examine plaintiff's claim to determine whether it constitutes an "invasion of a personal right . . . Also termed *private injury*." *Id*. The PWDCRA includes straightforward guarantees and protections for people with disabilities. Relevantly, the PWDCRA provides that the opportunity to obtain employment without discrimination on the basis of a disability is a guaranteed civil right. MCL 37.1102(1).[5]

*Black's Law Dictionary* (12th ed) defines "civil right" as:

1. Any of the individual rights of personal liberty guaranteed by the Bill of Rights and by the 13th, 14th, 15th, and 19th Amendments, as well as by legislation such as the Voting Rights Act. • Civil rights include esp. the right to vote, the right of due process, and the right of equal protection under the law.

The term "personal right" is included under the broader rubric of "right" and is defined as "[a] right that forms part of a person's legal status or personal condition, as opposed to the person's estate—Also termed *individual right*." *Black's Law Dictionary* (12th ed). Merriam-Webster's Online Legal Dictionary defines "personal right" as "a right that is based on one's status as an individual and does not derive from property."[6] Applying these definitions, plaintiff's guaranteed civil right to be free from discrimination in his employment on the basis of his disability is a

---

[5] The PWDCRA states that an employer shall not "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position." MCL 37.1202(1)(b).

[6] Merriam-Webster's Online Legal Dictionary, *personal right* < https://www.merriam-webster.com/legal/%22personal%20right%22 > (accessed July 2, 2026).

personal right, and his claim that defendant discriminated against him on the basis of his disability in violation of the PWDCRA fits within the definition of "personal injury."

While our appellate courts have generally cited § 6431(1) in cases involving ELCRA claims, no binding decision has expressly addressed whether an employment discrimination claim against a state defendant qualifies as a "personal injury" claim such that § 6431(4) governs the COCA notice requirements. Conversely, the cases in which our appellate courts have examined whether the plaintiffs complied with the COCA's six-month notice provision involved claims premised on some sort of physical harm and did not include an ELCRA or PWDCRA claim.[7]

In *Christie*, 511 Mich at 65, the Supreme Court concluded that the state defendant was entitled to summary disposition on the plaintiff's claims alleging violations of the ELCRA and the PWDCRA because she "did not comply with MCL 600.6431(1) *within one year* of the accrual of her claims." (Emphasis added). Plaintiff argues that this statement in *Christie* evidences the Supreme Court's determination that ELCRA and PWDCRA claims fall into the category of general claims against the state, subject to § 6431(1), and specifically *are not* claims for personal injuries, which would be subject to § 6431(4). The repeated citation to § 6431(1) must, plaintiff argues, mean that the Supreme Court decided which subsection applied to these claims. But the plaintiff in *Christie* did not file a notice of intent or a written claim in the Court of Claims at any time after her claim accrued. Accordingly, the timing of her claim or notice was not relevant and this legal issue was not examined by the Supreme Court. We conclude that the Supreme Court did not hold that the 1-year notice period in § 6431(1) applies.

Following *Christie*, this Court has referenced § 6431(1) in several decisions involving ELCRA claims against the state. Plaintiff argues that the repeated reference to and reliance on § 6431(1) in these cases must mean that ELCRA and PWDCRA claims are not claims for personal injuries, and § 6431(4) does not apply. However, like *Christie*, because none of the plaintiffs in these post-*Christie* decisions filed written claims or notices of intention to file claims in the Court of Claims, none of the decisions expressly addressed whether employment discrimination claims are subject to the general one-year provision of § 6431(1) versus the six-month notice provision

---

[7] See *Mays v Governor of Michigan*, 506 Mich 157, 182-186; 954 NW2d 139 (2020) (concluding that the COCA's six-month notice provision was applicable to the plaintiffs' claims because the plaintiffs alleged that they suffered physical harm and property damage because of their exposure to the Flint water); see also *Chisholm v State Police*, 347 Mich App 646, 652-656; 16 NW3d 563 (2023) (examining whether the plaintiff adhered to the six-month COCA notice requirements when he advanced a tort claim under MCL 691.1405, the motor vehicle exception to the governmental tort liability act, for injuries arising from a car accident); *Pike v North Mich Univ*, 327 Mich App 683, 687-688, 692; 935 NW2d 86 (2019) (noting that the COCA "requires notice within six months of the injury-causing incident," considering the plaintiff suffered harm because of a fall from a rock-climbing wall).

of § 6431(4).[8]  Consequently, the reference to § 6431(1) in each of those cases is not dispositive to our analysis.

<hr />

[8] In *Flamont v Dep't of Corrections*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 367863); slip op at 1-2, the plaintiff filed a complaint in the circuit court against the state defendants asserting claims of sex discrimination in violation of the ELCRA.  The plaintiff did not file a written claim or notice of intention to file a claim in the Court of Claims, and her circuit court complaint was filed more than one year after her claim accrued.  *Id*. at __, slip op at 1-2.  Relying on *Christie*, the defendants moved for summary disposition.  *Id*. at __, slip op at 2.  The trial court held that *Christie* was not retroactive and denied the defendants' motion on that basis.  *Id*. at __, slip op at 2.  This Court disagreed, concluding that *Christie* had full retroactive effect and the state defendants were entitled to summary disposition because plaintiff failed to comply with § 6431(1).  *Id*. at __, __, slip op at 3, 6.

In *Landin v Dep't of Health & Human Servs*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 367356); slip op at 3, the plaintiff maintained that she was harassed and discriminated against on the basis of her race in violation of the ELCRA.  Before the plaintiff filed her complaint in the circuit court, this Court held that "a plaintiff bringing a claim in circuit court against a state defendant is not required to comply with MCL 600.6431." *Tyrrell v Univ of Mich*, 335 Mich App 254, 272; 966 NW2d 219 (2020).  Relying on *Tyrrell*, the plaintiff did not file a written claim or notice of intention to file a claim in the Court of Claims.  *Id*. at __, __; slip op at 1, 3.  One year later, our Supreme Court issued its opinion in *Christie*.  Defendant moved for summary disposition shortly thereafter.  *Id*. at __; slip op at 3.  The trial court granted the motion, opining that *Christie* applied retroactively and therefore the plaintiff's claims were barred for failing to comply with MCL 600.6431.  *Id*. at __; slip op at 3.  This Court reversed, holding that *Christie* did "not apply retroactively to circuit court cases that were in a procedural posture wherein *Tyrrell*'s interpretation of MCL 600.6431 was the law in Michigan during the one-year notice or filing period following accrual of a claim," which included the plaintiff's case.  *Id*. at __; slip op at 8-9.

In *Hudson v Dep't of Corrections*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 367902) (*Hudson I*); slip op at 1-2, the plaintiff filed a complaint in the circuit court against the state defendant alleging racial discrimination and retaliation in violation of the ELCRA.  Like the plaintiffs in *Flamont* and *Landin*, the plaintiff did not file a written claim or notice of intention to file a claim in the Court of Claims.  *Id*. at __; slip op at 2.  The plaintiff filed his complaint after *Tyrrell* but before *Christie* was decided.  *Id*. at __; slip op at 6.  The panel acknowledged that it was bound by *Landin* and thus reversed the trial court's grant of summary disposition to the defendant.  *Id*. at __; slip op at 6.  But the panel disagreed with *Landin*'s analysis and requested convening a special panel to consider the conflict between *Landin* and *Flamont* concerning the retroactivity of *Christie*.  *Id*. at __; slip op at 1, 6.

The conflict panel concluded that the *Landin* panel was bound by *Flamont*'s declaration that *Christie* was fully retroactive.  *Hudson v Dept of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367902) (*Hudson II*); slip op at 5-6, lv gtd 28 NW3d 710 (2025).  Accordingly, the conflict panel affirmed the trial court order granting summary disposition to the state defendant in *Landin*.  *Id*. at __; slip op at __.  Applying *Christie*, the conflict panel also

In *St Juliana v State Police*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 370427); slip op at 5, this Court recently addressed the significance of the differing notice provisions in MCL 600.6431 in light of the *Christie* decision. This Court explained:

> With respect to the two different timing requirements for notice in subsections (1) and (4) of MCL 600.6431, our Supreme Court has explained that "[s]ubsection (1) sets forth the general notice required for a party to bring a lawsuit against the state," while what is now subsection (4) "merely reduces the otherwise applicable one-year deadline to six months." *McCahan*, 492 Mich at 739. Thus, subsection (4) constitutes "a subset of the general rules articulated in subsection (1), and those general rules and requirements articulated in subsection (1)— including the bar-to-claims language—continue to apply to all claims brought against the state unless modified by the later-stated specific rules." *Id*.

The plaintiff in *St Juliana* filed his notice of intention to file a claim more than six months after the school-shooting event giving rise to his wrongful-death claim. *Id*. at __, __; slip op at 1-2, 5. It was undisputed that the plaintiff's claim was predicated on a personal injury for purposes of § 6431(4) and thus subject to the six-month notice provision. *Id*. at __; slip op at 5. But this Court concluded that the wrongful-death savings provision, MCL 600.5852(1), "not only extends the filing timeframe but also tolls the statutory notice period albeit any tolling is contingent upon meeting the specific conditions specified within the provision." *Id*. at __; slip op at 11. Significantly, *St Juliana* supports our conclusion that prior citations to § 6431(1) in *Christie* and progeny are not dispositive on the issue of whether § 6431(4) applies, to wit, whether ELCRA and PWDCRA claims are claims for personal injuries.

In *Chiravuri v Univ of Michigan*, unpublished per curiam opinion of the Court of Appeals, issued September 11, 2025 (Docket No. 373389), a panel of this Court held that the one-year notice period in § 6431(1) applies to ELCRA claims, not the six-month period in § 6431(4). In doing so, The *Chiravuri* panel found *Christie* and progeny's repeated reference to § 6431(1) persuasive. *Id*. at 5. The *Chiravuri* panel also found MCL 600.6301(b)'s definition of "personal injury," located in Chapter 63 of the RJA, persuasive in reaching its conclusion that the "personal injuries" contemplated in § 6431(4) involve physical harm, which is not implicated in ELCRA claims. *Id*. at 6. Plaintiff urges us to adopt *Chiravuri*'s holding.

---

affirmed the trial court's grant of summary disposition to the state defendant in *Hudson* because the plaintiff did not comply with the notice provision in § 6431(1) regarding his race discrimination claims under the ELCRA. *Id*. at __; slip op at 2, 4.

Thereafter, in *Stephens v Dep't of Corrections*, __ Mich App __, __; __ NW3d __ (2025) (Docket No. 368097); slip op at 1, this Court affirmed the circuit court's grant of summary disposition to the state defendant because the plaintiffs failed to comply with the COCA notice provision and did not file a notice of intent to sue for sex discrimination under the ELCRA. But this Court simply referenced MCL 600.6431 in general. It did not specify that the plaintiffs failed to comply with Subsection (1).

With all due respect to our colleagues, we disagree with *Chiravuri*'s analysis and conclusion and decline to adopt it here. As discussed above, the plaintiffs in *Christie* and the cases that followed never sent the required notice, so the courts never had to examine whether the one-year period in § 6431(1) or six-month limitation in § 6431(4) applied. Furthermore, COCA claims are governed by Chapter 64 of the RJA, not Chapter 63.

*Chiravuri* relied on *Provider Creditors Comm v United American Health Care Corp*, 275 Mich App 90; 738 NW2d 770 (2007), overruled in part on other grounds by *Angelucci v Dart Props Inc*, 301 Mich App 209, 211; 836 NW2d 219 (2013) for the proposition that the definition of "personal injury" in Chapter 63 of the RJA should also apply to Chapter 64. In *Provider Creditors Comm*, this Court held that the definition of "personal injury" in MCL 600.6301, from Chapter 63, should apply to determining proper venue under Chapter 16 of the RJA. *Id*. at 95-96. Specifically, this Court was called to consider whether MCL 600.1641(2), which governs venue when causes of action are joined and include a cause of action "based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death" applies to a business tort case that only involves economic damages. *Id*. at 96-97.

Chapter 16 of the RJA governs venue. The phrase "personal injury" is not defined in Chapter 16 of the RJA. But it is defined in Chapter 63, which governs personal injury verdicts and damages, as "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." MCL 600.6301(b). The *Provider Creditors Comm* Court recognized that the definition "expressly applies only to chapter 63 of the RJA," but concluded that "this definition of 'personal injury' best reflects the plain meaning of the phrase as it is used in MCL 600.1641," another section of the RJA. *Provider Creditors Comm*, 275 Mich App at 96. *Chiravuri* reasoned that, similar to *Provider Creditors Comm*, the definition of "personal injury" in MCL 600.1641 should likewise apply to MCL 600.6431. We disagree.

While relying on the definition of "personal injury" in MCL 600.6301 was logical in the context of determining the proper venue under MCL 600.1641, which required the *Provider Creditors Comm* Court to examine whether a legal theory was "*seeking damages* for personal injury," it is not for determining whether a plaintiff has pleaded a "*claim . . . for* personal injuries" such that § 6431(4) applies. (Emphasis added). First, MCL 600.1641(2) does not state that it applies to a "claim . . . for personal injuries;" instead, it applies to legal theory seeking *damages* for personal injury. This is a critical difference. Reliance on the definition of "personal injury" in Section 63 of the RJA, which pertains to "Personal Injury Verdict and Damages" is logical because the venue statute involves examining whether a theory is *seeking damages for personal injury*.

Conversely, MCL 600.6431 requires a court to examine whether a *claim for personal injuries* was pleaded. As discussed above, this is a much broader analysis. In fact, as recognized in *Provider Creditors Comm*, a tort claim can be pleaded without actually seeking personal injury damages. See also *Med Marijuana, Inc v Horn*, 604 US 593, 600 (2025) (recognizing the distinction between injuries stemming from a personal injury versus a claim for personal injury, which involves the invasion of a personal right).

Because MCL 600.6301(b)'s definition of "personal injury" is expressly limited to Chapter 63 of the RJA, it is not applicable in this case. See *Farris v McKaig*, 324 Mich App 349, 358; 920 NW2d 377 (2018) (stating that if the Legislature specifically limits the applicability of a statutory

definition to a certain statutory provision, then this Court should not apply that definition to a different statutory provision). And while *Christie*, *Flamont*, *Landin*, and *Hudson II* all specifically reference § 6431(1), we do not agree with *Chiravuri*'s conclusion that *Christie*'s reference "underscores that subsection (1), not subsection (4), controls claims advanced under the ELCRA." Nor do we agree that *Flamont*, *Landin*, and *Hudson II* "applied § 6431(1) to determine whether [the] plaintiff[s] . . . timely filed his or her ELCRA claims." As discussed, timing was not at issue in any of those cases because none of the plaintiffs filed claims or written notices of intent in the Court of Claims. None of the decisions expressly addressed whether employment discrimination claims are subject to the general one-year provision of § 6431(1) versus the six-month notice provision of § 6431(4).

This Court has observed that "what constitutes 'injuries to person' [includes] 'invasions of rights that inhere in man as a rational being.' " *Nat'l Sand, Inc v Nagel Constr, Inc*, 182 Mich App 327, 335; 451 NW2d 618 (1990) (cleaned up). See also *Local 1064, RWDSU AFL–CIO v Ernst & Young*, 449 Mich 322, 328; 535 NW2d 187 (1995) (recognizing that the statute of limitations for "injury to persons or property," MCL 600.5805, "applies to several causes of action that rarely or never involve physical injury."); *McMillon v City of Kalamazoo*, 983 NW2d 79, 80 n 3 (Mich, 2023) (noting that the limitations period for PWDCRA claims is three years under MCL 600.5805's "injury to a person or property" provision); *Major v Village of Newberry*, 316 Mich App 527, 534; 892 NW2d 402 (2016) (holding that the limitations period for ELCRA claims is three years "for injury to a person or property," MCL 600.5805); *Slayton v Michigan Host, Inc*, 144 Mich App 535, 553; 376 NW2d 664 (1985) ("The three-year period of limitations for injuries to a person in [MCL 600.5805] is applicable to an employee alleging discrimination in employment practices."). This is consistent with *Black's Law Dictionary* definition of a "personal injury," which includes "any invasion of a personal right." *Black's Law Dictionary* (12th ed), p 974.

## IV. CONCLUSION

A PWDCRA claim is a claim for "personal injuries." Accordingly, the COCA's six-month notice provision, MCL 600.6431(4), governs claims of employment discrimination on the basis of a disability in violation of the PWDCRA. Because plaintiff filed his notice of intent beyond the six-month notice period, the trial court erred by failing to dismiss plaintiff's PWDCRA claim.

Reversed and remanded for the entry of an order granting defendant summary disposition under MCR 2.116(C)(7). We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin